**Ana Maria de la Fuente de BRITTINGHAM; Anmar Enterprises, S.A. de C.V.; Anmar Colorado Corporation; Egyptian Lotus, Ltd.; Sigrid, Ltd.; Jubrico Investments, Ltd.;, and Brittgreen, Ltd., Appellants/Appellees,**

v.

**Cristina Brittingham Sada de AYALA, Appellee/Apellant and Merrill Lynch & Company, Inc., Appellee.**

No. 04–98–00981–CV.

Court of Appeals of Texas, San Antonio.

March 24, 1999.

Rehearing Overruled June 15, 1999.

---

Timothy Patton, Pozza & Patton, San Antonio, James K. Jones, Jr., Adan A. Gonzalez, P.C., Laredo, for Appellant.

C.M. Zaffirini, Zaffirini & Castillo, Laredo, Charles A. Gall, Joel R. Sharp, Edward F. Valdespino, Genna Stephens, Jenkins & Gilchrist, P.C., Dallas, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, and PAUL W. GREEN, Justice.

Opinion by: PAUL W. GREEN, Justice.

This accelerated appeal arises from a temporary injunction granted to Cristina Brittingham Sada de Ayala against her step-mother, Ana Maria de La Fuente de Brittingham. Ana Maria alleges the trial court abused its discretion by awarding injunctive relief that is ancillary to a lawsuit in Mexico rather than a lawsuit in Texas. We agree. Accordingly, we reverse the trial court's order, dissolve the injunction, and remand the cause for further proceedings.

## Background

The Brittinghams are a wealthy Mexican family with assets in Mexico and the United States. According to Cristina, Ana Maria owes her almost $34 million, as evidenced by a promissory note and guarantee, which Ana Maria denies executing. In October 1998, Cristina obtained an ex parte garnishment against Ana Maria from a Mexican court. Cristina later sued Ana Maria in Mexico to recover the $34 million note.

On October 30, Cristina filed a petition in Texas seeking only injunctive relief against Ana Maria as well as Ana Maria's corporations and financial advisors from Merrill Lynch. On the same day, the trial court granted a temporary restraining order that effectively "froze" Ana Maria's assets. The defendants answered the injunction suit and counterclaimed for wrongful injunction. After holding an evidentiary hearing, the court granted a temporary injunction enjoining the defendants from taking any action regarding Ana Maria's assets. On November 24, Ana Maria appealed the temporary injunction.

The defendants then moved to modify the temporary injunction, seeking release of attorney's fees. On December 14 and

16, the trial court modified the injunction to permit Ana Maria to spend $1.3 million in attorney's fees to defend this case as well as litigation initiated by Cristina in Mexico and Colorado. The court's orders also permitted payment of Merrill Lynch's fees and authorized the transfer of funds between Merrill Lynch accounts. Cristina appealed the modification orders. *See* TEX.R.APP. P. 29.6.

## Standard of Review

We review a temporary injunction with the abuse of discretion standard. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). We defer to the trial court's factual determinations while reviewing its legal decisions de novo. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992).

## Discussion

Ana Maria asserts the trial court lacked jurisdiction to issue a temporary injunction because Cristina's petition does not allege a corresponding cause of action viable in Texas. Without such a claim, she argues, the injunction is ancillary only to the Mexican lawsuit, a result which is contrary to law. In rebuttal, Cristina characterizes her suit as one for permanent injunctive relief that does not require additional allegations. We agree with Ana Maria in part.

An injunction is an equitable remedy, not a cause of action. *See Totino v. Alexander & Assocs., Inc.,* 1998 WL 552818, at *2 (Tex.App.—Houston [1st] Aug. 20, 1998, no pet. h.); *Manufacturers 'Hanover Trust Co. v. Kingston Investors Corp.,* 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ); *cf.* TEX. CONST. art. 5, § 8 (giving a district court "power to issue writs necessary to enforce [its] jurisdiction"); TEX. CIV. PRAC.

& REM.CODE ANN. § 65.011 (Vernon 1997) (listing grounds for injunctive relief). To obtain an injunction, a party must prove a probable right of recovery through a claim or cause of action. *See Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993); *Valenzuela v. Aquino,* 853 S.W.2d 512, 513 (Tex. 1993). If a claim or cause of action is not alleged, the trial court lacks authority to issue an injunction. *See Patten v. Quirl,* 447 S.W.2d 470, 472 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.); *cf. Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910, 917 (1960) (explaining that failure to state a cause of action is not jurisdictional); *Nowak v. Los Patios Investors, Ltd.,* 898 S.W.2d 9, 10–11 (Tex. App.—San Antonio 1995, no writ) (illustrating that injunctions must be related to causes of action).

In this case, Cristina pled only for injunctive relief, indicating that collection efforts were pending in Mexico. She did not file suit on the note in this country or attempt to have the foreign garnishment enforced. Essentially, she sought an equitable remedy without alleging a claim or cause of action viable in Texas. Under these facts, the trial court had jurisdiction to act, but it acted erroneously when it issued the November 13 temporary injunction. The court therefore abused its discretion.

## Conclusion

Because the trial court had no authority to issue the temporary injunction, Cristina's complaints about the modified injunction are moot. We reverse the trial court's injunction orders, dissolve the injunction, and remand the cause for further proceedings.