COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS
 
 



MARK BATTISTA AND LALAE
BATTISTA,

                            Appellants,

v.


THE CITY OF ALPINE,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 

§


No. 08-09-00221-CV

Appeal from the

 394th Judicial District Court

of Brewster County, Texas 

(TC# 2006-08-B8471-CV) 




 
 
O P I N I O N
 
            Mark and Lalae Battista appeal from a take nothing summary judgment in favor of the City
of Alpine (“the City”). They raise six issues on appeal challenging the trial court’s judgment
under both the traditional and no-evidence summary judgment standards, and contend that the
City is not entitled to the protections of sovereign immunity.
            In the fall of 2003, the City hired the contracting firm GSWW, Inc. to design and install a
water tank on an acre of land adjacent to Mr. and Mrs. Battista’s property line. The City acquired 
approximately one acre of land specifically to install an elevated water storage tank to serve its
residents. In order to access the tank site, the City also acquired an easement on a privately owned
dirt road known as “Pearce Road.” Part of the water storage project included the installation of
two metal culverts under Pearce Road to remedy a long-standing drainage issue. The culverts
were intended to divert water under the road in order to reduce damage caused by runoff flowing
over the road, and to keep the road passable during in climate weather. All the construction
related to the water storage project was completed in late fall, 2003.
            The next summer, the City and surrounding areas experienced some of the heaviest rainfall
on record. Shortly after the heavy rains, Mr. and Mrs. Battista notified City officials that their
properly was being damaged by runoff, which they claimed was being caused by the modifications
made to Pearce Road the previous fall. Prior to the Pearce Road modifications, the Battistas
claimed their property was subject to “some runoff” from Pearce Road, generally in the form of
“small waterfalls.” In the summer of 2004, however, the Battistas complained that a potential
building site on the south side of their property was now being submerged by runoff. In response
to the Battistas’ complaints, the City filled in both Pearce Road culverts.
            Mr. and Mrs. Battista filed suit against the City and GSWW, Inc. on August 10, 2006. 
The Battistas alleged that the drainage modifications made to Pearce Road, “forcefully project[ed]
the overflow of diverted water onto their land,” and further alleged that “from time to time, [the
water storage tank] forcefully spews its contents through a culvert installed a few feet from and
above the [Battistas’] property, causing still more erosion and damage to [the] property.” In their
First Amended Petition, which was the live pleading at the time the trial court entered its final
judgment, the Battistas raised claims for inverse condemnation, negligence, and violations of the
Texas Water Code.


 The couple also made a claim for declaratory judgment, requested that the
City be enjoined from further use of the allegedly damaging overflow system, and be permanently
enjoined from future conduct that would prevent the Battistas from restoring and maintaining their
property.
            The City moved for summary judgment under the traditional and no-evidence standards on
all of the Battistas’ claims. In part, the City asserted sovereign immunity and limitations defenses
under the traditional standard, and challenged three of the essential elements of the Battistas’
inverse condemnation claim on no-evidence grounds. The Battistas responded to the City’s
motion, and also filed their own motion for no-evidence summary judgment on the City’s
“affirmative defenses.” According to the Battistas’ motion, the City’s summary judgment motion
included the following “affirmative defenses;” governmental immunity, a factual defense based on
the lack of evidence that drainage from Pearce Road has been altered by the water storage project,
contributory negligence by the Battistas, and the Battistas’ inability to establish that their property
was taken for public use.
            In response to these “affirmative defenses” the Battistas moved for summary judgment on
the grounds that: (1) there is “no evidence” to support the City’s assertion of sovereign immunity;
(2) the City cannot establish that construction on Pearce Road did not alter the historical drainage
patterns affecting the Battistas’ property; (3) the City cannot demonstrate that the Battistas
contributed to the damage to their property; and (4) the City cannot establish that it did not take
the Battistas’ property for public use.”
            The trial court granted the City’s motion by written order on May 6, 2009. In the order,
the court made the following findings:
1.The City of Alpine has governmental immunity from its acts in this lawsuit
under the Texas Tort Claims Act as a matter of law and immunity has not
been waived.
 
2.The two (2) year statute of limitations period bars [the Battistas’]
negligence and Water Code Claims.
 
3.[The Battistas’] claims for damages based on inverse condemnation is
DENIED.
 
4.[The Battistas] request for declaratory judgment is DENIED.
 
            The court denied all other requested relief, and specified that the Battistas would take
nothing from the suit.


 Following the denial of their motion for new trial, the Battistas filed a
notice of appeal challenging the City’s take noting summary judgment. In their first issue for
review, the Battistas address the trial court’s ruling on their claim for inverse condemnation. In
Issue Two, the Battistas contend the trial court erred by denying their no-evidence motion on the
City’s affirmative defenses. In Issue Three, the Battistas challenge the trial court’s decision to
grant summary judgment on their claims for negligence and violations of the Texas Water Code
under the traditional standard. In Issue Four, the Battistas argue the trial court erred by denying
their request for declaratory judgment. In Issue Five, the Battistas assert the court erred by
dismissing their claim for injunctive relief. Issue Six, presents a global challenge to the summary
judgment order.
            We begin with the City’s assertion of sovereign immunity in response to the Battistas’
negligence cause of action, and claims for violations of the Texas Water Code. In Issue Three, the
Battistas contend that none of the City’s grounds for summary judgment under the traditional
standard were sufficient to support the trial court’s judgment. The City’s “traditional” motion
primarily addressed its sovereign immunity defense, and the Battistas’ alleged failure to plead
facts sufficient to demonstrate a waiver. As this ground for summary judgment challenged the
trial court’s subject matter jurisdiction over the Battistas’ negligence and water code claims, it
constitutes, a plea to the jurisdiction. See State v. Lueck, 290 S.W.3d 876, 880 (Tex. 2009).
            A plea to the jurisdiction contests the trial court’s subject matter jurisdiction over a case. 
Bland Ind. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject
matter jurisdiction is a question of law, which we review de novo. City of El Paso v. Maddox, 276
S.W.3d 66, 70 (Tex.App.--El Paso 2008, pet. denied). It is the plaintiff’s burden to allege facts
affirmatively demonstrating the trial court’s jurisdiction. Tex. Assoc. of Business v. Texas Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). To determine whether the plaintiffs have satisfied
their burden, we must consider the allegations in the petition and accept them as true. Maddox,
276 S.W.3d at 70. The scope of our review is not limited solely to the pleadings, but may also
include evidence when necessary to resolve the jurisdictional issues raised. Bland, 34 S.W.3d at
555.
            The Texas Tort Claims Act (TTCA) provides a limited waiver of sovereign immunity,
permitting certain tort claims to be brought against a governmental unit under certain
circumstances. Tex. Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). As a
governmental unit, the City of Alpine is generally immune from the Battistas’ negligence and
water code claims absent an applicable waiver under the TTCA. See Tex.Civ.Prac.&Rem.Code 
Ann. § 101.021 (West 2011); Dallas County Mental Health & Mental Retardation v. Bossley, 968
S.W.2d 339, 341 (Tex. 1998). With regard to their tort claims, neither the Battistas’ pleadings,
nor their summary judgment response raised an arguably applicable basis for waiver under the
TTCA.


 As it was the Battistas’ burden to establish a waiver of sovereign immunity, and because
their pleadings and summary judgment response fail to do so, the summary judgment on their
negligence cause of action, and claim for violation of the Texas Water Code was proper, and Issue
Three is overruled.
            Issues One and Two address cross-motions for summary judgment related to Battistas’
inverse condemnation claim. In the face of cross-motions for summary judgment, we apply the
same standards of de novo review as when reviewing a trial court’s ruling on a singular motion. 
See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court
grants one motion and denied the other, we must review consider all the grounds presented by
both sides, and in the case of an improper judgment, render the judgment the trial court should
have rendered. Dorsett, 164 S.W.3d at 661.
            A no-evidence motion for summary judgment is essentially a pretrial motion for directed
verdict, and we apply the same legal sufficiency standard of review. Gray v. Woodville Health
Care Center, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006, pet. denied). A no-evidence
summary judgment movant must specify which essential elements are devoid of evidentiary
support. Aguilar v. Morales, 162 S.W3d 825, 834 (Tex.App.--El Paso 2005, pet. denied). The
burden then shifts to the non-movant to produce summary judgment evidence raising a genuine
issue of material fact regarding each challenged element. Aguilar, 162 S.W.3d at 834. The non-movant meets this burden, by producing more than a mere scintilla of evidence in support of each
challenged element. See Gray, 225 S.W.3d at 616.
            As with any summary judgment ruling, a traditional summary judgment is subject to de
novo review. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). To
succeed on a traditional motion for summary judgment, the movant must establish that there is no
genuine issue of material fact so that judgment should be granted as a matter of law. Diversicare
Gen. Partner., Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005). If the movant is successful in
establishing its right to judgment as a matter of law, the burden then shifts to the non-movant to
produce evidence raising a genuine issue of material fact. City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). As in a review under the no-evidence standard, the
reviewing court will take as true all competent evidence favorable to the non-movant, indulge
every reasonable inference, and resolve any doubts in the non-movant’s favor. See Southwestern
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
            Article 1, section 17 of the Texas Constitution provides that “[n]o person’s property shall
be taken, damaged, or destroyed for or applied to public use without adequate compensation being
made . . . .” Tex.Const. art. 1, § 17. Inverse condemnation occurs when property is taken for
public use without proper condemnation proceedings, and the property owner attempts to recover
some type of compensation for that taking. Park v. City of San Antonio, 230 S.W.3d 860, 867
(Tex.App.--El Paso 2007, pet. denied). The essential elements for a cause of action for inverse
condemnation are: (1) an intentional governmental act; (2) that resulted in an individual’s
property being taken, damaged, or destroyed; (3) for public use. Park, 230 S.W.3d at 867.
            In its no-evidence motion, the City challenged all three essential elements of the inverse
condemnation claim. The Battistas’ response included evidence addressing the first two elements,
but omitted evidence that the alleged taking was for public use. Therefore, pursuant to the plain
language of Texas Rule of Civil Procedure 166a(I), the inverse condemnation claim was properly
disposed of by summary judgment due to the Battistas’ failure to meet their responsive burden of
proof. See Tex.R.Civ.P. 166a(I); Marsaglia v. Univ. of Tex., El Paso, 22 S.W.3d 1, 3 (Tex.App.--El Paso 1999, pet. denied). Issue One is overruled.
            In Issue Two, the Battistas contend the trial court erred by denying their own no-evidence
motion for summary judgment on the City’s affirmative defenses. The source of the Battistas’
motion is a section within the City’s First Amended Answer titled “AFFIRMATIVE
DEFENSES.” Under this heading the City asserts “defenses” under the doctrine of sovereign
immunity, the Texas Tort Claims Act, a factual defense based on the historical drainage patterns
related to the Battistas’ property, and the statutes of limitation applicable to the Battistas’
negligence claim, and claims for water code violations. Under the same heading, the City also
asserted, “[the Battistas’] taking claim fails because the City of Alpine did not authorize any
taking of [the Battistas’] property for public use.”


 The Battistas’ motion for summary judgment
purports to challenge these “defenses” on no-evidence grounds, and they contend that by so
moving they shifted the burden of proof on these issues to the City. The City responded,
primarily, by objecting to the form of the Battistas’ motion, and argued that the grounds raised
were improper under the no-evidence standard. In their brief to this Court, the Battistas argue that
the City failed to raise genuine issues of material fact on these issues in response, and conclude
that the trial court erred by denying their motion.
            There is no dispute that the burden of proof for all of their claims against the City rested
with the Battistas. The Battistas cite no legal authority, and we have been unable to locate
precedent to support the notion that a defendant’s mis-designation of its legal and factual denials
as “affirmative defenses” shifts the burden of proof for a cause of action away from the claimant,
and renders the defendant’s denials subject to summary judgment under the no-evidence standard. 
While the no-evidence rule requires an evidentiary response by the non-movant, the motion itself
must, first and foremost, be a proper motion in accordance with the rules of civil procedure. See
Tex.R.Civ.P. 166a(I). A party may not file a no-evidence motion to defeat a claim or defense on
which it has the burden of proof. Thomas v. Omar Invs., Inc., 156 S.W.3d 681, 684 (Tex.App.--Dallas 2005, no pet.). Because the Battistas no-evidence motion was an improper attack on
claims for which they still held the burden of proof, the trial court properly denied the motion. In
addition, because summary judgment was properly granted on the grounds discussed, there is no
need to address the alternative bases included in the court’s judgment. Issue Two is overruled.
            We now turn to the Battistas’ claim for declaratory judgment, addressed in Issue Four. As
a preliminary matter, we note that the Declaratory Judgment Act may not be used to circumvent
the doctrine of sovereign immunity and recover money damages from the state. See Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855-56 (Tex. 2002). Having determined
the trial court lacked jurisdiction over the Battistas’ claims for negligence and water code
violations, the Battistas cannot revive their tort claims, by reforming them as a request for
declaratory judgment. See City of San Benito v. Ebarb, 88 S.W.3d 711, 721 (Tex.App.--Corpus
Christi 2002, pet. denied). To the extent the declaratory judgment action was so directed,
summary judgment was proper.
            The remainder of Issue Four requires this Court to determine whether the Battistas’ request
for declaratory judgment survived the summary judgment disposition of the inverse condemnation
claim. The Battistas’ request for declaratory judgment, as contained in their First Amended
Petition, stated:
Plaintiff seeks a declaratory judgment, pursuant to Chapter 37 of the Texas
Civil Practices [sic] and Remedies Code, declaring that the actions of The City of
Alpine are an interference with, and an intrusion upon, the property rights of
Plaintiffs and that the City of Alpine has no legal right to invade Plaintiff’s
property. Plaintiff seeks attorneys’ fees pursuant to the Uniform Declaratory
Judgments Act.
 
            The stated purpose of the Declaratory Judgments Act is “to settle and to afford relief from
uncertainty and insecurity with respect to rights, status, and other legal relations . . . .” 
Tex.Civ.Prac.&Rem.Code Ann. § 37.002 (West 2008). In this request for declaratory relief, the
Battistas do not seek the construction of a statute or city ordinance, rather seek a judicial
declaration that their property has been subjected to a governmental taking. This is an improper
application of the Declaratory Judgments Act. See City of Anson v. Harper, 216 S.W.3d 384, 395
(Tex.App.--Eastland 2006, no pet.). Therefore, the trial court denied the request, and Issue Four is
overruled. In addition, having overruled all of the Battistas’ issues related to the merits of the
summary judgment, we also overrule their global challenge contained in Issue Six.
            Issue Five challenges the trial court’s order dismissing the Battistas’ claim for injunctive
relief. An injunction is an equitable remedy, not a cause of action. Brittingham v. Ayala, 995
S.W.2d 199, 201 (Tex.App.--San Antonio 1999, pet. denied). A party’s right to such relief is
dependant on that party’s ability to establish a probable right of recovery through another claim or
cause of action. Ayala, 995 S.W.2d at 201. As the Battistas’ underlying claims and causes of
action were properly disposed of under the doctrine of sovereign immunity and no-evidence
summary judgment, there is no probable right of recovery pursuant to those claims, and therefore
no basis for injunctive relief. Issue Five is overruled.
            Having overruled all of Appellants’ issues, we affirm the trial court’s judgment.
 
 
July 20, 2011
DAVID WELLINGTON CHEW, Chief Justice
 
Before Chew, C.J., McClure, and Rivera, JJ.